IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN JENSEN; JEREMY NEUSCH; DAVID LYNN SMITH; HOT SHOTS CUSTOM LLC; TEXAS STATE RIFLE ASSOCIATION; FPC ACTION FOUNDATION; and CITIZENS COMMITTEE FOR THE RIGHT TO KEEP AND BEAR ARMS, <br><br>*Plaintiffs*, <br><br>v. <br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; DANIEL P. DRISCOLL, in his official capacity as Acting Director of the Bureau of Alcohol Tobacco, Firearms and Explosives; UNITED STATES DEPARTMENT OF JUSTICE; and PAMELA J. BONDI, in her official capacity as Attorney General of the United States, <br><br>*Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § | No. 2:25-cv-00223 |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT**

This matter is before the Court on Plaintiffs' Motion for Summary Judgment on Counts I and II of their Complaint (ECF No. 1). Having considered Plaintiffs' motion and memorandum of law in support, Defendants' opposition, Plaintiffs' reply, oral argument, and applicable law, the Court hereby **GRANTS** Plaintiffs' Motion as follows:

The Court **DECLARES UNLAWFUL**, as in excess of Congress's enumerated constitutional powers, application of the following statutory provisions and regulations ("the Challenged Provisions"), as well as any other regulations implementing the Challenged Provisions, as applied to (i) short-barreled shotguns, as defined in 26 U.S.C. § 5845(a)(1)–(2); (ii) short-barreled rifles, as defined in 26 U.S.C. § 5845(a)(3)–(4); (iii) "any other weapons," as defined in

26 U.S.C. § 5845(a)(5), (e); and (iv) suppressors, as defined as "silencers" in 26 U.S.C. § 5845(a)(7) and 18 U.S.C. § 921(a)(25) (collectively, "the Untaxed Firearms"):

- 26 U.S.C. § 5812.
- 26 U.S.C. § 5822.
- 26 U.S.C. § 5841(b) (as applied to "maker[s]"), (c) (as applied to "maker[s]" and "transferor[s]"), (e).
- 26 U.S.C. § 5842(a) (as applied to "anyone making a firearm"), (b).
- 26 U.S.C. § 5861(b)–(f), (i)–(j).
- 26 U.S.C. § 5871, to the extent this section is used to enforce the other Challenged Provisions.
- 26 U.S.C. § 5872, to the extent this section is used to enforce the other Challenged Provisions.
- 27 C.F.R. § 479.62.
- 27 C.F.R. § 479.84.

The Court further **PERMANENTLY ENJOINS** Defendants from enforcing the Challenged Provisions as to any Untaxed Firearms against the following individuals/entities:

- Plaintiffs.
- Hot Shots Customs' customers.
- Texas State Rifle Association's, FPC Action Foundation's, and Citizens Committee For The Right To Keep And Bear Arms' members (and the customers of any member that is a business).

The injunction shall apply throughout the United States and shall apply to both current members and customers and individuals who become members and customers in the future.

The Court further **DECLARES UNLAWFUL**, as in violation of the Second Amendment to the United States Constitution, application of the Challenged Provisions, as well as any other regulations implementing the Challenged Provisions, as applied to (i) short-barreled rifles, as defined in 26 U.S.C. § 5845(a)(3)–(4); and (ii) suppressors, defined as "silencers" in 26 U.S.C. § 5845(a)(7) and 18 U.S.C. § 921(a)(25).

The Court further **PERMANENTLY ENJOINS** Defendants from enforcing the Challenged Provisions as to (i) short-barreled rifles, as defined in 26 U.S.C. § 5845(a)(3)–(4); and (ii) suppressors, as defined as "silencers" in 26 U.S.C. § 5845(a)(7) and 18 U.S.C. § 921(a)(25) against the following individuals/entities:

- Plaintiffs.
- Hot Shots Customs' customers.
- Texas State Rifle Association's, FPC Action Foundation's, and Citizens Committee For The Right To Keep And Bear Arms' members (and the customers of any member that is a business).

The injunction shall apply throughout the United States and shall apply to both current members and customers and individuals who become members and customers in the future.

The Court further **ORDERS** that the Clerk of the Court shall enter judgment for the Plaintiffs.

**SO ORDERED** on this _____ day of _____, _____.

_____
Matthew J. Kacsmaryk
United States District Judge