IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JOHN JENSEN, *et al.*,

      Plaintiffs,

v.

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, *et al.*,

      Defendants.

2:25-CV-223-Z

### CIVIL SCHEDULING ORDER

**1.** Before the Court is the parties' Joint Motion to Enter Stipulated Schedule ("Motion") (ECF No. 21), filed November 25, 2025. The parties agree that this case "can be resolved most efficiently through cross-motions for summary judgment" and proposed a schedule to govern such proceedings. The Motion is **GRANTED** and the Court accordingly enters the following Order.

**2.** Counsel and their staff are directed to read this Order before contacting the Court, as it contains basic instructions that address many inquiries received by the Court.

SUMMARY OF IMPORTANT DEADLINES AND DATES

| | |
|---|---|
| Defendants' Combined Opposition to Plaintiffs' Motion for Summary Judgment, and Cross-Motion for Summary Judgment | **December 19, 2025** |
| Plaintiffs' Combined Reply in Support, and Opposition to Defendants' Motion | **January 19, 2026** |
| Defendants' Reply in Support | **February 12, 2026** |

GENERAL INSTRUCTIONS AND INITIAL DEADLINES

**3. Compliance with this Order:** Counsel and the parties are expected to comply fully with this order. Failure to comply will cause the Court to consider the entire range of sanctions available.

**4. Modification of Scheduling Order:** Pursuant to Federal Rule of Civil Procedure 16(b) and the local rules of this Court, the Court finds that the following schedule should govern the disposition of this case unless it is modified by the Court upon a showing of good cause and by leave of court. FED. R. CIV. P. 16(b)(4). Conclusory statements will not suffice to show good cause—even if the motion is agreed or unopposed. Parties must observe all limitations and requirements of the Federal Rules of Civil Procedure and this Court's local rules unless otherwise ordered. The Court assumes parties thoroughly discussed scheduling issues prior to submitting their proposed scheduling order (ECF No. 23) and that the parties understand the deadlines imposed in this order are firmly in place, absent the Court's intervention.

**5. Formatting and Citations:** All briefs filed with the Court shall comply with the most recent editions of: (1) The Bluebook: A Uniform System of Citation; and (2) the Greenbook: Texas Rules of Form. Specifically, counsel are directed to provide, where applicable, the subsections of cited statutes and pinpoint case citations, i.e., provide the page where the stated legal proposition can be found. *See* THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION R. B10.1.2, at 13 (Columbia L. Rev. Ass'n et al. eds., 22nd ed. 2025) (regarding pinpoint citations); *id.* R. 3.3(a), at 76 (regarding subsections). Furthermore, if a brief contains citations to unpublished opinions or to slip-copy versions only available on Westlaw or Lexis, counsel must attach copies of those cases to the brief.

**6. Stays and Administrative Closure:** Administrative closure of a civil case terminates all pending motions unless the parties request that any or all pending motions

revive with reopening. Any motion for stay **must include a request specific to each pending motion**. If requested, the Court will instruct the Clerk of the Court not to terminate each requested motion.

**7. Filing Under Seal:** Local Rule 79.3 states a "party may file under seal any document that a statute or rule requires or permits to be so filed," and "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." N.D. Tex. Civ. R. 79.3(a)–(b). A party may file such a motion under seal and must include the proposed sealed document as an exhibit. N.D. Tex. Civ. R. 79.3(c). If the Court grants the motion, then "the sealed document will be deemed filed as of the date of the order granting leave, or as otherwise specified by the presiding judge." N.D. Tex. Civ. R. 79.3(c).

"Motions to file under seal are decided on a case-by-case basis following the appropriate factors delineated by the Fifth Circuit." *Blackwell v. C.R. Bard, Inc.*, No. 2:19-CV-180, 2021 WL 1088439, at *1 (N.D. Tex. Mar. 22, 2021). The Fifth Circuit has admonished district courts to remember "[j]udicial records are public records. And public records, by definition, presume public access." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). The Fifth Circuit explained in *Binh Hoa Le* the two distinct legal standards related to sealed documents:

> The first standard, requiring only good cause, applies to protective orders sealing documents produced in discovery. The second standard, a stricter balancing test, applies once a document is filed on the public record—when a document becomes a judicial record. Under both standards, the working presumption is that judicial records should not be sealed.

*Id.* at 418–19 (internal quotations and footnotes omitted); *see also June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (explaining that "[d]ifferent legal standards govern protective orders and sealing orders").

The Fifth Circuit further explained that under the stricter balancing test for sealing records at the filing stage:

> judges, not litigants must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure. Sealings must be explained at a level of detail that will allow for this Court's review. And a court abuses its discretion if it makes no mention of the presumption in favor of the public's access to judicial records and fails to articulate any reasons that would support sealing.

*Binh Hoa Le*, 990 F.3d at 419 (internal quotations and footnotes omitted); *see also June Med.*, 22 F.4th at 520 (holding that "[p]ublicly available information cannot be sealed").

**If a party does not first request leave, anything filed under seal will be stricken and unfiled**. If a party files a motion for leave to file under seal but fails to meet the appropriate standard outlined in *Binh Hoa Le*, the motion will be denied. The Court will deny any motions simply stating in broad terms that the party seeks to file a document(s) under seal under an agreement between the parties.

The Court's electronic filing system only allows parties to either file an entire document (including any attachments or exhibits) under seal or not under seal. Thus, if a party wishes to file a document with multiple parts (e.g., an appendix with several exhibits), and only some of those parts may be filed under seal, the party must file the sealed portions together and the nonsealed portions together.

For example, if a party wishes to file an appendix that has three sealed exhibits and three nonsealed exhibits, that party must:

1. File part one of the appendix, with all the nonsealed exhibits, not under seal (e.g., ECF 40 (Appendix, Part One Table of Contents), ECF 40-1 (first nonsealed exhibit), ECF 40-2 (second nonsealed exhibit), and ECF 40-3 (third nonsealed exhibit)); and

2. File a motion for leave to file documents under seal, a proposed order, and part two of the appendix, with all of the sealed exhibits, under seal (e.g., ECF 41 (motion), ECF 41-1 (proposed order), ECF 41-2 (Appendix, Part Two

Table of Contents), ECF 41-3 (first sealed exhibit), ECF 41-4 (second sealed exhibit), and ECF 41-5 (third sealed exhibit)).

Additionally, if a document (e.g., Exhibit A in an appendix) may not be sealed in full but rather only contains specific sections that may be sealed, then the party must divide that document into multiple documents to ensure that only the document's portions that may be sealed are filed under seal—or otherwise ensure that the entire document is not impermissibly filed under seal (e.g., redacting[1] protected portions of the document before filing it in the public record and then separately filing an unredacted, sealed version of the document for the Court's review).

**DISPOSITIVE MOTIONS**

8. The parties to the instant case believe that the case can be resolved through cross-dispositive motions on an administrative record. Accordingly, the parties are held to the following requested deadlines:

> i.  Defendants will file their combined opposition to Plaintiffs' motion for summary judgment and cross-motion for summary judgment **on or before December 19, 2025**.
>
> ii. Plaintiffs will file their combined reply in support of their motion and opposition to Defendant's motion **on or before January 19, 2026**.
>
> iii. Defendants will file their reply in support of their motion **on or before February 12, 2026**.

9. All motions that would dispose of all or any part of this case, including motions for summary judgment, must be accompanied by a separately filed brief (see more below). The

---

[1] The Court notes that some redactions may be made without the party filing a motion for leave, because the redactions do not impact the substance of the requested relief. For example, a plaintiff may redact her Social Security number before filing a document in her appendix in support of her motion for summary judgment. *See* FED. R. CIV. P. 5.2(a).

motion and the brief may not exceed fifty (50) pages in total length, excluding any table of contents and table of authorities. *See* Local Rules 56.3, 56.5 (regarding summary judgment requirements).

In a separate section at the beginning of the brief, the party filing a dispositive motion must identify the live pleadings for each party who has appeared in the action and specify the name of each pleading, the date it was filed, and the pleadings' document numbers on the Court's docket. Neither a dispositive motion nor the brief in support may be combined in one document with a party's answer. If a dispositive motion becomes moot for any reason, the moving party must notify the Court within **three business days**.

**Additionally, any brief supporting or responding to a motion for summary judgment must be accompanied by and include citations to a separately-filed appendix of evidence sufficient to support a reasonable jury finding on any relevant jurisdictional facts**, and such brief must directly (1) state whether the filing party invokes or opposes subject-matter jurisdiction of this Court and (2) address the questions of fact and law that pertain to subject-matter jurisdiction in this case. *See, e.g., Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657 (5th Cir. 2024) (noting that at the pleading state, the appropriate party must invoke the subject-matter jurisdiction of the court with distinct, affirmative allegations "required at the successive stages of the litigation").

**10. Dispositive Motion Evidence:** Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix. The appendix must be numbered sequentially from the first page through the last and include an index of all documents included. An envelope that contains a nondocumentary or oversized exhibit must be numbered as if it were a single page. *See* Local Rule 56.6. The moving party must bracket in the margin of each document in the appendix the portions of the document

on which the movant relies, and, when citing record materials in its brief, the moving party must support each assertion by citing each relevant page of its appendix.

**11. Number of Dispositive Motions:** No party may file more than one motion for summary judgment without leave of court. *See* Local Rule 56.2(b). If a motion for summary judgment is timely filed, the Court may establish a summary-judgment briefing schedule by separate order. Except as provided in the Court's briefing order, no supplemental pleadings, briefs, summary-judgment evidence, or other documents will be allowed in connection with the motion for summary judgment or response without leave of court. *See* Local Rule 56.7. Cross-motions for summary judgment must not, except in extraordinary circumstances, be permitted to be filed after the relevant deadlines.

**SO ORDERED**.

December ___, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE