**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

|  |  |
|---|---|
| JOHN JENSEN, *et al.*,<br><br> *Plaintiffs,*<br><br> v.<br><br> BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS AND EXPLOSIVES, *et al.*,<br><br> *Defendants.* | No. 2:25-cv-223-Z |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE
TO SUBMIT ADDITIONAL EVIDENCE IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

Defendants have sought this Court's permission to submit additional evidence in support of their motion for summary judgment pursuant to Civil Local Rule 56.7 and paragraph 11 of this Court's scheduling order, ECF No. 23. *See* Mot. for Leave to Submit Additional Evidence ISO Defs.' MSJ ("Mot."), ECF No. 59. Plaintiffs oppose defendants' motion, *see* Pls.' Resp. in Opp. to Defs.' Mot. for Leave to Submit Additional Evidence ISO Defs.' MSJ ("Opp."), ECF No. 61, but offer no defensible reason this Court should deny it.

As explained, *see* Mot. at 2, in their second brief on the parties' cross-motions for summary judgment, plaintiffs argued for the first time that it "blinks reality" that a business that is subject to the special occupational tax would fail to pay it, and thus suggested that defendants are unable to provide examples of such "tax circumvention." *See* Pls.' Comb. Reply Memo. of L. in Further Supp. of Pls.' MSJ & Memo. of L. in Opp. to Defs.' MSJ at 11–12, ECF No. 56. So, in their second brief, defendants corrected those assertions: the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") routinely discovers circumvention of the special occupational tax. *See* Reply ISO Defs.' MSJ

1

at 7–8, ECF No. 60. And defendants supported their response with actual evidence—*i.e.*, a four-page declaration from the Chief of ATF's National Firearms Act ("NFA") Division, *see* Mot., Ex. 1, Second Decl. of Stephen Albro, ECF No. 59-1.

Plaintiffs now ask the Court to pretend those unfavorable facts don't exist by *prohibiting* defendants from submitting that declaration for the record. *See* Opp. at 1–4. But such an extreme measure is unwarranted and would be ill-fitting under these circumstances. The proper approach, if the Court thinks that plaintiffs should have the last word on the matter, would be to allow plaintiffs the opportunity to file a surreply that is limited to addressing the additional evidence that defendants submitted—something defendants do not oppose. *See* Mot. at 2 (noting defendants' non-opposition to a surreply); *see also, e.g.*, *Hayes v. Dye*, 2010 WL 3515578, at *13 (E.D. Ky. Sept. 2, 2010) ("[G]ranting leave to file a sur-reply is preferable and more pragmatic than the extreme remedy of" removing materials from the record.); *SEC v. McNaul*, 2010 WL 4553437, at *1 (D. Kan. Nov. 3, 2010) (similar); *Busenbark v. Panhandle E. Pipe Line Co.*, 2014 WL 6977204, at *2 (S.D. Ind. Dec. 8, 2014) (granting the opportunity to file a surreply rather than striking a declaration submitted with a party's reply). Indeed, that is the approach the district court took in the related case of *Brown v. ATF*, No. 4:25-cv-1162 (E.D. Mo.), ECF No. 59 (allowing the plaintiffs to file a three-page sur-reply to respond to the Second Declaration of Stephen Albro). Given the constitutional significance of this case, that calibrated approach would be far more appropriate than rejecting defendants' evidence. And allowing plaintiffs to file a surreply to address that evidence would eliminate any prejudice that they could otherwise claim to suffer. *Contra* Opp. at 2, 4 (claiming incorrectly that they would be unable to address this additional evidence). That plaintiffs nonetheless oppose defendants' request to submit additional evidence is thus unjustifiable, especially given that plaintiffs submitted additional evidence with their second brief, *see* Suppl. App'x to Pls.' MSJ, ECF No. 57 (appending four supplemental declarations),

yet are seeking to prevent defendants from doing the same.[1] Nor have plaintiffs identified a procedural issue with defendants' motion, contrary to what they suggest, *see* Opp. 3–4, as neither Civil Local Rule 56.7 nor this Court's rules require any advanced "notice" of a party's intent to seek leave to submit additional evidence in support of a motion summary judgment, apart from the duty to confer, which defendants satisfied. *See* Mot. 2 n.1.[2]

The Court should therefore grant defendants' motion for leave to submit their additional evidence.

Dated: February 27, 2026                    Respectfully submitted,

                                            BRETT A. SHUMATE
                                            Assistant Attorney General
                                            Civil Division

                                            ANDREW I. WARDEN
                                            Assistant Branch Director

                                            */s/ Jody D. Lowenstein*
                                            JODY D. LOWENSTEIN
                                            Mont. Bar No. 55816869
                                            Trial Attorney
                                            U.S. Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street NW
                                            Washington, DC 20005
                                            Phone: (202) 598-9280
                                            Email: jody.d.lowenstein@usdoj.gov
                                            *Attorneys for Defendants*

---

[1] Given the unique nature of briefing cross-motions for summary judgment, plaintiffs were apparently permitted under Civil Local Rule 56.7 to submit evidence with both their first and second briefs without having to seek the Court's leave, whereas defendants were required to seek leave to submit evidence with their second brief.

[2] Contrary to what plaintiffs contend, *see* Opp. at 4 n.1, defendants have never suggested that plaintiffs have an obligation to monitor related cases to anticipate potential filings in this case. Still, plaintiffs have never claimed that they were actually unaware when they filed their second brief on January 19 of the virtually identical declaration that the government filed in a related case five days earlier, despite having an opportunity to do so. *See* Mot. at 2 n.1 (raising the point that "plaintiffs, who are represented by sophisticated counsel, do not claim that they were unaware of the declaration that the government filed with its reply brief in *Silencer Shop Foundation*."). Therefore, aside from being irrelevant, plaintiffs' notice argument continues to warrant serious skepticism. *See id.*

## CERTIFICATE OF SERVICE

On February 27, 2026, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Jody D. Lowenstein
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice