IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JOHN JENSEN, *et al.*,

    Plaintiffs,

v.

                          2:25-CV-223-Z

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, *et al.*,

    Defendants.

## ORDER

It has come to the Court's attention that a similar action currently exists in the San Angelo Division against the same Defendants (the "San Angelo Action"). *See Silencer Shop Found. v. ATF*, No. 6:25-CV-056 (N.D. Tex. filed July 4, 2025) ("*SSF*"). Because the San Angelo Action was filed first, the Court **ORDERS** that this case is transferred to the San Angelo Division.

### BACKGROUND

The National Firearms Act of 1934 ("NFA") established a $200 tax on the making and transfer of certain classes of firearms and includes a registration scheme. *See* 26 U.S.C. §§ 5801–5872. The Supreme Court has historically upheld the tax and its registration requirements as an exercise of Congress's tax power. *See Sonzinsky v. United States*, 300 U.S. 506 (1937). Recently, the One Big Beautiful Bill Act zeroed out certain of the NFA's taxes but did not eliminate the registration requirements. Pub. L. No. 119-21, 139 Stat. 72 (July 4, 2025).

Plaintiffs in this action are three individual firearms owners, a Texas licensed firearms dealer, and three advocacy groups. ECF No. 1 at 5–11. Plaintiffs filed this action on October 9, 2025, challenging the NFA's registration requirements as outside of Congress's

Article I power, considering (they say) it no longer supports a tax. *Id.* at 2–3. Separately, they challenge the NFA's constitutionality under the Second Amendment as applied to suppressors and short-barreled rifles. *Id.* at 3–4. They ask the Court to grant a permanent injunction against Defendants from enforcing the NFA against them on both grounds. *Id.* at 28–31.

Plaintiffs in the San Angelo Action are an individual firearm owner, four advocacy groups, three firearm industry participants, and fifteen U.S. states. *SSF*, ECF No. 15 at 3–13. Plaintiffs filed the San Angelo Action on July 4, 2025. *SSF*, ECF No. 1. Plaintiffs challenge the NFA's registration requirements as outside of Congress's Article I power, considering (they say) it no longer supports a tax. *SSF* ECF No. 15 at 2–3. They also challenge the NFA's constitutionality under the Second Amendment. *Id.* at 3. Plaintiffs ask the Court to grant declaratory judgments to that effect, and for a permanent injunction against Defendants from enforcing the NFA against them. *Id.* at 20–22.

### LEGAL STANDARD

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 603 (5th Cir. 1999) (internal marks omitted). "The rule rests on principles of comity and sound judicial administration." *Id.* "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* (internal marks omitted). "Application of the first-to-file rule does not require that the cases at issue be identical or that all of the same parties be involved in both actions." *Dexon Computer, Inc. v. Cisco Systems, Inc.,* No. 5:22-CV-053, 2023 WL 2730656, at *4 (E.D. Tex. Mar. 31, 2023) (internal marks omitted).

"Instead, to decide whether substantial overlap exists, courts have looked at factors such as whether the core issue in each case is the same or if much of the proof adduced would likely be identical." *Id.*

When the overlap between claims is less than complete, courts consider several additional factors, including the extent of the overlap, the likelihood of conflict, and the "comparative advantage and interest of each forum in resolving the dispute." *Id.* (internal marks omitted). These additional factors are applied on a "case by case" basis. *Id.* (internal marks omitted). A district court may transfer a case under the first-to-file rule *sua sponte. Marshall* v. *Chevron US.A. Inc.,* No. MO:19-CV-273, 2020 WL 9813023, at *4 (W.D. Tex. Dec. 10, 2020), *report and recommendation adopted,* No. MO:19-CV-273, 2021 WL 2181148 (W.D. Tex. Jan. 6, 2021) (collecting cases); *see also Aadyn Tech., LLC* v. *Pro. LED Lighting, Ltd.,* No. 14-CIV-61376, 2014 WL 12489975, at *3 (S.D. Fla. Dec. 10, 2014) ("Because the first-filed doctrine involves a court's exercise of jurisdiction, a court may (and indeed, should) raise the issue *sua sponte.*").

ANALYSIS

The issues raised by this action and the San Angelo Action substantially overlap. Both actions involve the same Defendants. In both cases, Plaintiffs challenge the NFA's registration requirements in light of the recent zeroing out of certain portions of the tax as exceeding Congress's enumerated powers. Both cases also involve a separate challenge to the NFA under the Second Amendment. While the San Angelo Action's Second Amendment challenge is arguably broader, it seems to cover everything this action's Second Amendment challenge covers. And while the Plaintiffs in the San Angelo Action ask for declaratory judgment and a permanent injunction, that is again broader than and inclusive of the permanent injunction requested in this action.

3

To the extent the parties raised different legal arguments in the motions for summary judgment pending in both actions, this too favors transfer. The constitutional issues raised by these cases should be resolved in a uniform manner. Putting both cases before the same judge and allowing him to evaluate all the arguments presented will best ensure a consistent outcome.

The San Angelo Action was filed before this action. Thus, the principles underlying the first-to-file rule justify transferring this case to the San Angelo division.

CONCLUSION

For the foregoing reasons, the Court **ORDERS** that this case be immediately transferred to the San Angelo Division.

**SO ORDERED.**

May 29, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE